IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00560-WYD-MJW

DERS GROUP SVC LLC, a Georgia Limited Liability Company,

Plaintiff/Counterclaim Defendant,

v.

WESTERN SKYWAYS, INC. a Colorado Corporation,
ROCKY MOUNTAIN TURBINE SERVICES, INC., a Colorado Corporation, d/b/a
ROCKY MOUNTAIN TURBINE SERVICES, f/k/a WESTERN SKYWAYS TURBINE,
INC., and
ALLEN J. HEAD, an Individual,

Defendants/Counterclaim Plaintiffs

and

DERS GROUP SVC LLC, an Indiana Limited Liability Company,

Counterclaim Defendant..

**RECOMMENDATION ON PLAINTIFF'S MOTION TO AMEND COMPLAINT**
**(Docket No. 68)**

Entered by Magistrate Judge Michael J. Watanabe

This case is before this Court pursuant to an Order Referring Case entered by Judge Wiley Y. Daniel on March 20, 2017 (Docket No. 7). Now before the Court is the Motion to Amend Complaint (Docket No. 68). Defendants filed a response (Docket No. 70) and Plaintiff filed a reply (Docket No. 71). Judge Daniel referred the subject motion to the undersigned magistrate judge (Docket No. 69). The Court has reviewed the parties' filings (Docket Nos. 68, 70, & 71), taken judicial notice of the Court's entire file in this case, and considered the applicable Federal Rules of Civil Procedure, statutes,

1

and case law. Now being fully informed, the Court makes the following report and recommendation.[1]

## Standard of Review

The deadline for amendment of pleadings was August 15, 2017 (Docket No. 27 at 10). The instant motion was filed on December 22, 2017 (Docket No. 68). As a result, the Court considers the motion pursuant to a two-step inquiry. First, the Court reviews whether the moving party demonstrates good cause pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Assoc.*, 771 F.3d 1230, 1242 (10th Cir. 2014); *SIL–FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518 (10th Cir. 1990). Next, the Court weighs whether the amendment should be allowed pursuant to Rule 15(a). *Gorsuch*, 771 F.3d at 1242.

Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In practice, this standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *Gorsuch*, 771 F.3d at 1240 (citing *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)). This burden is satisfied, for example, when a party learns of new information in a deposition, or that the governing law has subsequently changed. *Id.* "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party

---

[1] Because the Court recommends that the motion be denied and, therefore, that Plaintiff not be allowed to add the proposed breach of contract and misappropriation of trade secrets claims against Defendant Western Skyways, Inc., the Court treats the motion as dispositive. *See Sunflower Condo. Assoc., Inc. v. Owners Ins. Co.*, No. 16-cv-02946-WJM-NYW, 2018 WL 1755784, at *1 (D. Colo. April 12 ,2018) (citing *Cuenca v. Univ. of Kansas*, 205 F. Supp. 2d 1226, 1228 (D. Kan. 2002)).

seeking leave to modify the scheduling order to permit the proposed amendment." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). The party seeking an extension is normally expected to show at least good faith on its part and some reasonable basis for not meeting the deadline. *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995).

By contrast, Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Court may refuse leave to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). A general presumption exists in favor of allowing a party to amend its pleadings, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), and the non-moving party bears the burden of showing that the proposed amendment is improper. *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Services, Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). Whether to allow amendment is within the trial court's discretion. *Burks v. Oklahoma Publ'g Co.*, 81 F.3d 975, 978-79 (10th Cir. 1996).

**Analysis**

As noted above, the analysis under Rule 16 focuses on the diligence of the moving party, in this case, Plaintiff. Here, the allegedly new information is a confidentiality agreement that Plaintiff argues it only "recalled entering into" in preparation for the hearing on the motion seeking a temporary restraining order and preliminary injunction (Docket No. 68 at 3) and information relating to Defendant Western Skyways, Inc.'s applications to the Federal Aviation Administration ("FAA") (*id.*

at 4). Defendant offers evidence that it produced the confidentiality agreement to Plaintiff on July 21, 2017 as part of the exchange of written discovery. (Docket No. 70-1). Defendant argues that Plaintiff was aware of the facts underlying the breach of contract claim since the filing of the original Complaint and at a minimum, the information and documents relating to the applications to the FAA were disclosed by Defendant Western Skyways, Inc. in July 2017 as part of the discovery process (*see* Docket Nos. 70-2 & 70-3). In its reply, Plaintiff changes its argument from stating that it only recalled the confidentiality agreement in preparation for the motion hearing to stating that it was the testimony of witnesses at the motion hearing that created the new claims that Plaintiff wants to assert (*compare* Docket No. 68 at 3 *with* Docket No. 71 at 5-6).

The problem here is that Plaintiff's motion and reply make different arguments about the basis for its request to amend its pleading to add claims. While the motion does note that "[a]t the hearing it became apparent that Defendant has used the confidential information in the exact manner prohibited by the Agreement" (Docket No. 68 at 6), it also states that "at no time during discovery in this case did any Defendant produce a copy of the document" (*id*. at 6-7) and that "[i]n preparation for the hearing on the Motion, Plaintiff recalled entering into" the confidentiality agreement (*id*. at 3). Plaintiff's allegation that no Defendant produced the confidentiality agreement is demonstrably false. Further, Plaintiff's admission that it simply forgot about the confidentiality agreement undercuts its later arguments made in the reply.

While the Court agrees with Plaintiff's assertion that a party should not take a scattershot approach to pleading in fear of not being allowed to amend to add claims

4

that its only learns of at a later date, that does not seem to be the case here. Instead, Plaintiff had the relevant information available to it during the summer of 2017 and did not seek leave to amend prior to the August 15, 2017 deadline for amendment of pleadings (Docket No. 27 at 10). Accordingly, in this circumstance the Court concludes that Plaintiff was not diligent and, therefore, has not met the requirements under Rule 16. As a result, the Court need not engage in an analysis under Rule 15.

## Recommendation

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that Plaintiff's Motion to Amend Complaint (Docket No. 68) be **DENIED**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: May 30, 2018　　　　　　　　　　　　s/ Michael J. Watanabe
　　　　Denver, Colorado　　　　　　　　　　Michael J. Watanabe
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge